**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN A. LINGUA | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | 3:08-cv-123 (CFD) |
| SCHERING-PLOUGH CORPORATION and | : | |
| SCHERING-PLOUGH ANIMAL HEALTH | : | |
| CORPORATION, | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction**

This case arises out of an age discrimination claim brought by the plaintiff, John Lingua, against his current employer, defendant Schering-Plough.  Mr. Lingua alleges that his company discriminated against him on the basis of his age in twice rating him "Below Expectations" on performance evaluations between 2005 and 2007.  The defendant has filed a motion for summary judgment.

**II.      Background[1]**

The plaintiff is sixty-one years old and currently serves as a Regional Manager in the Companion Animal Business Unit at Schering-Plough.  He worked for the company beginning in 1985 as a territory manager and was promoted to his current position, Regional Manager, in

---

[1]Unless otherwise noted, these facts are taken from both parties' Local Rule 56 statements, memoranda in support of and in opposition to summary judgment, and the accompanying exhibits, affidavits, and depositions.

2000.  The plaintiff received "Below Expectations" reviews at his 2005 and 2007 end-of-year reviews, which he claims were the result of age discrimination.

## III.    Applicable Law and Discussion

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56;  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000).  Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134. Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it.  Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence

-2-

presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

To state a prima facie case for age discrimination, the plaintiff must show that: (1) he is a member of the protected age group, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances which give rise to an inference of age discrimination.  See Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000); see also McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

Once the plaintiff has stated a prima facie case, the defendant has the opportunity to offer a legitimate and non-discriminatory reason for the adverse employment action.  See Schnabel, 232 F.3d at 87.  This burden is "one of production, not persuasion" and does not involve a credibility assessment.  Reeves v. Sanderson Plumbing, 530 U.S. 133, 142 (2000).  If the defendant successfully proffers a legitimate, non-discriminatory explanation for its actions, the burden shifts back to the plaintiff to show that the stated explanation was a mere pretext for intentional discrimination.  See Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994).

 This case presents genuine issues of material fact as to whether the plaintiff's 2005 and 2007 end-of-year reviews occurred under circumstances giving rise to an inference of age discrimination.  The plaintiff alleges a general age bias on the part of his supervisors based on statements they made concerning age.  The manner and context in which these statements were made is disputed by the parties.  In addition, the plaintiff contends that the ratings system used as the basis for performance reviews was designed with the intent to discriminate against older employees.  The defendant argues that the system is a strict objective calculation, while the

plaintiff claims that older employees are treated less favorably than younger employees with similar performance.  Since summary judgment requires that the Court draw all factual inferences in favor of the plaintiff, the evidence here shows that genuine issues of material fact exist. Accordingly, the motion is denied.


**IV.      Conclusion**

  For the reasons set forth above, the defendant's motion for summary judgment [Dkt. # 49] is DENIED.

  SO ORDERED this   10th    day of November 2009, at Hartford, Connecticut.



      /s/ Christopher F. Droney

      **CHRISTOPHER F. DRONEY**

      **UNITED STATES DISTRICT JUDGE**